# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

CAROLYN TEDDER, )
)
      Plaintiff, )
)
vs. ) Case No. CIV-17-445-M
)
DILLARD'S INC., a Delaware )
Corporation, d/b/a DILLARD'S )
)
      Defendant, )

## ORDER

This case is scheduled for trial on the Court's October 2018 trial docket.

Before the Court is Defendant's Motion for Summary Judgment, filed July 19, 2018. Plaintiff filed her response on August 3, 2018, and defendant did not file a reply. Based upon the parties' submissions, the Court makes its determination.

I.    Background

On December 14, 2014, plaintiff was shopping in defendant's department store. During this time, she requested and received the assistance of a sales associate in locating the item she sought to purchase. While the associate was leading plaintiff toward her intended item, she tripped over a two-foot stack of books on the floor. She asserts that she fell and sustained substantial injury for which she incurred medical bills, in addition to experiencing protracted pain and suffering.

Plaintiff thus instigated this suit based on premises liability in Oklahoma County District Court on December 14, 2016. Defendant thereafter removed to this Court based on diversity jurisdiction, and now moves, upon summary judgment, to dismiss this case. In support, defendant asserts that the stack of books was an open and obvious hazard—thereby negating defendant's

duty to warn plaintiff. Plaintiff, however, asserts that her view of the books was obscured by the sales associate's skirt, rendering her incapable of seeing the hazard before tripping.

II. Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

Further,

> if the moving party has the burden of proof, a more stringent summary judgment standard applies. Thus, if the moving party bears the burden of proof, to obtain summary judgment, it cannot force the nonmoving party to come forward with specific facts showing there [is] a genuine issue for trial merely by pointing to parts of the record that it believes illustrate the absence of a genuine issue of material fact. Instead, the moving party must establish, as a matter of law, all essential elements of the issue before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case.

*Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (internal quotations and citations omitted). Additionally, where the moving party has the burden of proof, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015) (internal quotations and citations omitted).

III.     Discussion

The "threshold question in any negligence action" is whether defendant owes plaintiff a duty. *Sholer v. ERC Mgmt. Grp., LLC*, 2011 OK 24, 256 P.3d 38, 43. Central to this question is whether the plaintiff qualifies as a trespasser, licensee or an invitee.[1] *Pickens v. Tulsa Metro. Ministry*, 1997 OK 152, ¶ 9, 951 P.2d 1079, 1083. Under Oklahoma law, a property owner owes the highest duty of care to an invitee and must "exercise reasonable care to keep the premises in a reasonably safe condition" and "warn [the invitee] of conditions which [are] in the nature of hidden dangers, traps, snares or pitfalls." *Martin v. Aramark Servs., Inc.,* 2004 OK 38, 92 P.3d 96, 97. Nevertheless, "the landowner need not guard the invitee against dangers so apparent and readily observable that the conditions should be discovered." *Sholer,* 256 P.3d at 43. Finally, "where conflicting evidence is presented on the issue of the open and obvious nature of a defect, the question must be resolved by the trier of fact." *Id.* at 43-44.

Having carefully reviewed the parties' submissions, and applying the principles established above, the Court finds that defendant is not entitled to summary judgment. Specifically, the Court finds that defendant failed to demonstrate that the hazard here was open and obvious as a matter of law. The parties generally agree that plaintiff tripped over a two-feet high stack of books while walking in defendant's store. They disagree, however, on the extent to which the books were visible to plaintiff. Defendant asserts that the books were out in the open, and thus easily

---

[1] The parties do not dispute plaintiff's status as an invitee on defendant's premises.

3

observable to any reasonable customer. Defendant further asserts that plaintiff was warned to watch her step before the incident. Yet, plaintiff contends that she refuted both of these facts in her deposition by testifying that (1) an employee's "big flowy skirt" obstructed her view of the books and (2) she was not given any warning before tripping over the books. *See* Deposition of Carolyn Tedder [doc. no. 11-2 at 2-3]. The Court finds that this conflicting evidence creates a genuine issue of fact more appropriate for a jury. Accordingly, the Court finds that defendant's motion for summary judgment should be denied.

IV. Conclusion

For the reasons set forth above, the Court DENIES Defendant's Motion for Summary Judgment [docket no. 11].

**IT IS SO ORDERED this 14th day of September, 2018.**

_____
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE